Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00301-CR

                                                    __________

 

                                     ISRAEL GARCIA, III, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 89th District Court

 

                                                         Wichita
County, Texas

 

                                                 Trial
Court Cause No. 44,774-C

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted Israel Garcia, III of the offenses of resisting arrest and
assault against a public servant.  The jury assessed his punishment at
confinement for one year in the county jail and a $2,000 fine for resisting
arrest and at confinement for eight years in the Institutional Division - Texas
Department of Criminal Justice and a $5,000 fine for assault.  We affirm.

                                                              Sole
Issue on Appeal








In
his sole issue on appeal, appellant contends that the evidence is factually
insufficient to support his conviction for assault.  Appellant challenges
neither his resisting arrest conviction nor the legal sufficiency of the
evidence supporting his assault conviction.  Appellant argues that the evidence
is factually insufficient because the three civilian witnesses and one of the
police officers did not testify that they saw appellant actually and intentionally
kick Wichita Falls Police Officer Douglas E. Tidwell.

                                                              Standard
of Review

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15;  Johnson, 23
S.W.3d at 10-11.

                                                              Evidence
Presented

Kristie
Mitchell testified that, when she was fifteen years old, appellant approached
her at her apartment complex and asked her to get into the pool.  He pulled on
her arm.  Mitchell Akind
of knew that he was drunk,@
and she was uncomfortable.  She stated that her friends were with her and that
she was not too worried Aif
something were to happen.@ 
Mitchell testified that appellant was Ajust
being a little annoying.@ 
Appellant kept pulling on her arm, and one of her friends began to argue with
appellant.  By the time the police arrived, Mitchell testified that about
twenty people were standing around.

Mitchell
testified that, when the police tried to arrest appellant, he ran off. 
Appellant resisted the police.  He kicked and tried to get away.  Mitchell
testified that he might have kicked the female officer that was at the scene. 
Mitchell remembered appellant being Atasered@ and was Apretty sure@ that it was the male
police officer who tasered appellant.  The taser slowed appellant down A[a] little.@








Mitchell
testified that appellant was kicking before he was tasered and that his kicks
were aimed at the police officers.  She stated that she did not really want to
be testifying, that she thought Ahe
was just trying to get away,@
that she really did not hear what was being said during the incident, and that
she Amostly just saw@ what was happening.  While
Mitchell knew the incident was not her fault, she felt like it Aall could have been
stopped.@

Eric
Crawford testified that appellant looked drunk and that he was Atrying to hit on@ Mitchell.  Appellant and
Crawford Agot into it@ but were not physically
fighting.  Appellant was yelling and cursing.  The police came and tried to
talk to appellant.  Appellant ran away, and the police caught and restrained
him.  Appellant was screaming and kicking.  Crawford saw appellant kick the
female officer.  Crawford stated that the taser did not really work on
appellant.  Crawford also testified that the police were able to restrain
appellant and put him into a police car.  Crawford stated that appellant had
caused the disturbance, that appellant Adidn=t kick the dudes [the male
officers],@ and that
he did not see what happened after appellant was taken to the police car. 
Crawford later stated that he was Anot
sure@ if appellant
only kicked the female officer.

Joseph
Jameson testified that the police officers tried to talk to appellant first and
then they tried to arrest him.  Appellant was trying to get away.  The officers
used the taser on appellant.  Jameson stated that, while the taser did not stop
appellant, it did slow him down.  Jameson testified that appellant hit the
female officer and that appellant=s
main goal was Ato get
away.@

Officer
Tidwell testified that he responded to a disturbance call at the apartment
complex.  His two partners were in another vehicle, and all three of them went
to the apartment complex.  Officer Mike Wheat and Officer Beth Ahring dealt
with appellant while he talked to one of the Hirschi High School students who
he recognized.  Men, women, and children were standing around.  Appellant was
belligerent.  He was cursing loudly and using the AF word.@ 
Appellant smelled of alcohol, and Officer Tidwell could tell he had been
drinking.  As the officers tried to calm him down, appellant just became louder
and louder.








 When
Officer Wheat told appellant that he was under arrest for disorderly conduct,
appellant said that he was not going to jail and ran.  Officer Tidwell Abody tackled@ appellant and got him down
on the ground.  Officer Tidwell hurt his elbow in the process and lost the use
of his arm.  As appellant and Officer Tidwell struggled, Officer Tidwell stated
that they Aprobably
covered a three[-] or four-foot area.@ 
Officer Tidwell testified that he thought he heard Officer Wheat yell to
Officer Ahring to Adrive
stun@ appellant. 
Officer Tidwell and appellant continued to struggle, and appellant grabbed the
drive stun gun at some point.  When appellant grabbed the gun, Officer Tidwell
was stunned by the gun and lost his grip on appellant.  

Officer
Tidwell testified that appellant kicked Aspecifically@ at him for the Abigger purpose@ of getting away. 
Appellant kicked him in the knee.  Once they had appellant in the police car,
he kicked Officer Tidwell again B
this time in the chest and the other knee.  Appellant was on his back.  He drew
his legs up and kicked out.  Officer Tidwell described these kicks as Agood, hard kicks@ with appellant using Athe full force@ of his legs.

Officer
Tidwell testified that, as a direct result of appellant=s kicks, his shoulder, knee, and ankle were
injured.  His elbow was injured while he was trying to keep appellant from
escaping.  He went to the hospital, had X-rays, and missed two weeks of work. 
At the time of trial, his shoulder, ankle, and elbow still bothered him. 

Officer
Wheat testified that he was on the other side of the police car and could not
see appellant and Officer Tidwell at that time.  Officer Wheat stated that
appellant was Ahighly
agitated and had quite a bit of strength.@


                                                                        Analysis

 The
jury, as the finder of fact, was the sole judge of the weight and credibility
of the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  Due
deference must be given to the factfinder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 9; Jones v. State, 944 S.W.2d
642 (Tex. Crim. App. 1996).  This court has the authority to disagree with the
factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.  While we review the factfinder=s weighing of the evidence,
we cannot substitute our judgment for that of the factfinder.  Cain, 958
S.W.2d at 407; Clewis,922 S.W.2d at 133.   








After
reviewing all of the evidence, we find that the evidence supporting the verdict
is not so weak that the verdict is clearly wrong and manifestly unjust and that
the verdict is not against the great weight and preponderance of the
conflicting evidence.  A reasonable jury could have found that an assault
occurred when appellant was inside the police car and out of the other
witnesses= sight. 
Officer Wheat and Crawford both testified that they could not see what happened
when appellant was in the police car.  Neither Mitchell nor Jameson testified
concerning when appellant was in the police car.   Officer Tidwell=s testimony that appellant
kicked him in the chest and knee at this time was uncontroverted.  The evidence
is factually sufficient, and the sole issue is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

August 14, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.